**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRANKIE C. JAMES,**

                    **Plaintiff,**                  **5:09-cv-424**
                                                            **(GLS\VEB)**

           **v.**

**MICHAEL J. ASTRUE,** Commissioner
of Social Security,

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinsky, Shurtliff Law Firm | HOWARD OLINSKY, ESQ. |
| 300 South State Street | |
| 5th Floor | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | MICHELLE L. CHRIST |
| United States Attorney | Special Assistant U.S. Attorney |
| James T. Foley U.S. Courthouse | |
| 445 Broadway | |
| Albany, NY 12207-2924 | |
| | |
| MARY ANN SLOAN | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**District Court Judge**

                  **MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Frankie C. James challenges the Commissioner of Social Security's denial of supplemental security income (SSI) pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  (Dkt. No. 1.)  In a Report and Recommendation (R&R) filed May 7, 2010, Magistrate Judge Victor E. Bianchini recommended that the decision of the Commissioner be reversed, and that the case be remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[1]  (Dkt. No. 15.)  Pending are the parties' objections to the R&R.  (Dkt. Nos. 16, 17.)  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

## II. Background

On August 23, 2005, James filed applications for SSI under the Social Security Act, alleging disability since January 15, 1990.  (R&R at 2, Dkt. No. 15.)  After her application was denied, James requested a hearing before an Administrative Law Judge (ALJ), which was held on February 5, 2008.  (*Id.*)  Due to technical difficulties, that hearing was not recorded.

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

(*Id.*)  As a result, a second hearing was held on April 15, 2008.  (*Id.*)  On April 24, 2008, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review.  (*Id.*)

James commenced the present action by filing a complaint on April 10, 2009, seeking judicial review of the Commissioner's determination. (Dkt. No. 1.)  After receiving the parties' briefs, Judge Bianchini issued an R&R recommending that the ALJ's decision be reversed and that the case be remanded for further proceedings.  (*See generally* R&R, Dkt. No. 15.) In response, both parties filed objections to the R&R.  (Dkt. Nos. 16, 17.)

### III. Standards of Review

### A. Report and Recommendation

By statute and rule, district courts are authorized to refer social security petitions to magistrate judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); Gen. Order No. 18.  Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's findings and

3

recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

## B.     Commissioner's Decision

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here.  For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## IV.  Objections

## A.     Severity of Impairments

In the R&R, Judge Bianchini affirmed the Commissioner's step-two determination that James suffered from the single "severe impairment" of Chron's Disease.  (*See* R&R at 7-11, Dkt. No. 15.)  In her objections,

4

James reasserts the argument rejected by Judge Bianchini that the ALJ erred in failing to find that her other alleged impairments, including arthritis and osteoperosis, amounted to "severe impairments."  (*See* Pl. Objections at 3, Dkt. No. 17.)  Upon de novo review, and for the reasons thoroughly articulated in the R&R, (*see* R&R at 9-11, Dkt. No. 15), the court finds no error with respect to the ALJ's step-two assessment and adopts the portion of the R&R affirming it.

## B.     Residual Functional Capacity

### 1.     Ability to Work on a Regular Basis

In assessing the appropriateness of the ALJ's residual functional capacity (RFC) determination, Judge Bianchini "found no error as to the ALJ's consideration of [James's] ability to perform work on a regular basis." (*Id.* at 12.)  James challenges this finding, arguing that "while the ALJ considered [her] ability to work an 8-hour day," he did not explicitly find that she could do so on a "regular and continuing basis."  (Pl. Objections at 4, Dkt. No. 17.)  James highlights that "she has had frequent hospitalizations and bouts with loose stools or absence of bowel movement and significant weight loss requiring dietary supplements and TPN," and that she has testified to having "frequent bowel urgency and pain [and] ... involuntary

5

bowel movements at night and during the day," contending that "[t]hese factors could reasonably be construed to have an affect [sic] on [her] ability to perform substantial gainful activity on a regular and continuing basis." (Pl. Br. at 20, Dkt. No. 11.)

The court concurs with Judge Bianchini that James's argument in this regard lacks merit. While it is true that the ALJ did not specifically state that his RFC assessment related to the ability to work "five days per week, or an equivalent work schedule," *see* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996), there is no indication that the ALJ limited his analysis to "an 8-hour day one day per week" as James suggests. (*See* Pl. Objections at 4, Dkt. No. 17.) Furthermore, as Judge Bianchini explained, substantial evidence undermines James's subjective complaints as to the severity of her bowel issues, and is inconsistent with the contention that these issues would have prevented her from working on a regular basis. (*See* R&R at 12, Dkt. No. 15 (citing Tr. at 124, 156, 158, 167, 202).) Accordingly, the court adopts the portion of the R&R affirming the ALJ's RFC determination as to James's ability to perform work on a regular basis.

**2. Ability to Perform Light Work**

6

In further assessing the ALJ's RFC findings, Judge Bianchini found that the ALJ erred in assessing James's limitations as to lifting and therefore recommended that the case be remanded for further consideration of James's ability to perform light work.  (*Id.*)  More specifically, Judge Bianchini found that while the ALJ "accepted" the consultative findings of Dr. Richard Weiskopf as to James's functional limitations, the ALJ did not reconcile his ultimate finding that James could lift 20 pounds occasionally and 10 pounds frequently with Dr. Weiskopf's opinion that James had "moderate-to-severe limitation on bending, lifting, climbing, and carrying."  (*See id.* at 13.)  Judge Bianchini found this failure to be "significant because Dr. Weiskopf was the only examining medical source to provide a detailed assessment of James's limitations," and because there was no "indication from another examining source of a lesser limitation."  (*See id.*)

The Commissioner challenges Judge Bianchini's recommendation to remand, contending primarily that the limitation noted by Dr. Weiskopf is "not necessarily inconsistent with an ability to do light work," and that even if it is, remand is not warranted because "the ALJ's opinion is still consistent with an ability to perform sedentary work."  (*See* Def. Objections

7

at 3-4, Dkt. No. 16.)  As to the first argument, the Commissioner points to no additional evidence indicating that James was capable of satisfying the lifting requirements of light work.  (*See id.* at 2-7.)  The court is therefore not persuaded that Judge Bianchini erred in recommending remand simply because the weight needed to be lifted for some light work "*may* be very little," and that James's undefined "moderate-to-severe" limitation *may* not have prevented her from performing such work.  (*See id.* at 3 (emphasis added).)  Rather, the court agrees with Judge Bianchini that while "[i]t may be the case that Dr. Weiskopf only intended to indicate a moderate limitation as to lifting, which would not necessarily be incompatible with an ability to perform light work, ... neither this Court nor the ALJ can properly speculate as to such matters."  (R&R at 13, Dkt. No. 15.)  Thus, the court discerns no error in Judge Bianchini's  recommendation that the issue should be revisited on remand.  *See Lugo v. Barnhart*, No. 04 Civ. 1064, 2008 WL 515927, at *18 (S.D.N.Y. Feb. 8, 2008) (remanding where it was "not clear from the ALJ's decision how [consultative examiners'] assessments of 'mild' or 'moderate' limitations corresponded with the [Act's] physical-exertion requirements for light work").

The Commissioner's second argument fares no better.  The

Commissioner argues that "even assuming [Dr. Weiskopf's] assessment was not consistent with light work, remand is still not required ... [because] the ALJ's opinion is still consistent with an ability to perform sedentary work," which involves lighter lifting.[2] (*See* Def. Objections at 3, Dkt. No. 16.)  However, while it may be true that James's lifting limitation would not have prevented her from performing sedentary work—thus directing the conclusion that she was not disabled—the record remains unclear as to the precise limits of James's lifting capabilities and is therefore unclear as to whether James was capable of even the lesser lifting required for sedentary work.  Accordingly, not persuaded that "a remand to correct the [ALJ's] defective analysis would [necessarily] result in the same outcome on remand," (*see id.*), the court rejects that argument and adopts Judge Bianchini's recommendation to remand the case for further proceedings.

## 3.     **Recontacting Dr. Okonkwo**

Treating physician Dr. Amogechukwu N. Okonkwo refused to complete an assessment of James's functional limitations, stating that he was "unable to assess" those limitations.  (*See* R&R at 13, Dkt. No. 15

---

[2]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. § 416.967(a).

(citing Tr. at 421-26).)  In recommending remand, Judge Bianchini stated that "the ALJ should consider contacting Dr. Okonkwo to determine why he felt unable to assess these matters."  (*Id.* at 13-14.)  Given the record's lack of clarity regarding James's lifting limitations, the court rejects the Commissioner's argument that Judge Bianchini's suggestion in this regard was improper.  *See Colegrove v. Comm'r of Soc. Sec.*, 399 F. Supp. 2d 185, 196 (W.D.N.Y. 2005).

### 4. James's Credibility

James testified before the ALJ that she could only lift about four pounds.  (Tr. at 459.)  The ALJ found that this testimony lacked credibility and concluded that James could lift twenty pounds occasionally and ten pounds frequently.  (Tr. at 20-21.)  Judge Bianchini addressed this finding in the R&R, stating that the issue of James's credibility as to her claimed lifting limitations should be revisited on remand after further record development.  (*See* R&R at 15-16, Dkt. No. 15.)  Again, given the absence of clear evidence relating to James's ability to lift, the court rejects the Commissioner's argument that Judge Bianchini's directive in this regard was improper.

### V. Conclusion

10

Having reviewed the parties' specific objections de novo, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Bianchini's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with Judge Bianchini's May 7, 2010 R&R (Dkt. No. 15); and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 6, 2011
Albany, New York

*[Signature]*
United States District Court Judge